JS 44 Rev. 12/07

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Mahady Sako

**DEFENDANTS**
Greyhound Lines, Inc.

(b) County of Residence of First Listed Plaintiff **Pennsylvania**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Bernard Smalley, Esquire
Joe H. Tucker, Jr., Esquire
TUCKER LAW GROUP, LLC
1617 JFK Boulevard
Philadelphia, PA 19103

Thomas J. McKenzie, Jr., Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Philadelphia, PA 19103 / 215-575-3562

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- [X] 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- 362 Personal Injury—Med. Malpractice
- 365 Personal Injury—Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt.Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 463 Habeas Corpus – Alien Detainee
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Plaintiff alleges that he suffered personal injuries as a result of a physical altercation he had with an individual while at a Greyhound Terminal.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND in excess of $50,000
- CHECK YES only if demanded in complaint: JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: April 10, 2013
SIGNATURE OF ATTORNEY OF RECORD: /s/ Thomas J. McKenzie

APR 12 2013

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT

**13   1966**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff _4605 Chester Avenue, Apartment 3A, Philadelphia, PA 19143_

Address of Defendant _350 North St. Paul Street, Dallas, Texas 72501_

Place of Accident, Incident or Transaction _Greyhound Terminal   Philadelphia, PA_
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☒  No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?    Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐  No ☐

---

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

**B. Diversity Jurisdiction Cases**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☒ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify) Premises Liability
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

APR 12 20__

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE _4/11/13_   _Thomas McKenzie_   _84588_
                  Attorney-at-Law         Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE _4/11/13_   _Thomas McKenzie_   _84588_
                  Attorney-at-Law         Attorney I.D. #

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

MAHADY SAKO : CIVIL ACTION
:
: 13    1966
v. :
:
GREYHOUND LINES, INC :
: NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.     ( )

(b) Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management--Cases that do not fall into any one of the other tracks.     (X)

| April 10, 2013 | Thomas J. McKenzie, Jr., Esquire | Greyhound Lines, Inc. |
|---|---|---|
| Date | Attorney-at-law | Attorney for |

| 215-575-3562 | 215-575-0856 | tjmckenzie@mdwcg.com |
|---|---|---|
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

$350.00

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAHADY SAKO, JR. <br> Plaintiff <br><br> v. <br><br> GREYHOUND LINES, INC. <br> Defendant | CIVIL ACTION - LAW <br><br> NO. 13 1966 <br><br> JURY TRIAL DEMANDED |
| MAHADY SAKO, JR. <br> Plaintiff <br><br> v. <br><br> GREYHOUND LINES, INC. <br> Defendant | COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY <br><br> NOVEMBER, 2012 <br><br> NO. 02684 <br><br> JURY TRIAL DEMANDED |

FILED
APR 12 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendant, Greyhound Lines, Inc., by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, file this Notice of Removal of a certain action pending in the Pennsylvania Court of Common Pleas, Philadelphia County, (hereinafter "State Court"), and in support thereof states as follows:

1. Greyhound Lines, Inc. is a Defendant in the action entitled *Mahady Sako v. Greyhound Lines*, pending in State Court.

2. Greyhound Lines, Inc. was duly served with the Civil Action Complaint on March 28, 2013. True and accurate copies of the Civil Action Complaint and docket entries from the State Court are attached hereto as Exhibit "A."

3. The foregoing papers are, upon information and belief, the only process, pleadings and orders in the State Court served upon Greyhound Lines, Inc.

4. Plaintiff is a citizen of the United States and currently resides at 4605 Chester Avenue, Apartment 3A, Philadelphia, Pennsylvania.

5. Defendant Greyhound Lines, Inc. is a Delaware Corporation with its principal place of business located at 350 North St. Paul Street, Dallas, Texas 72501.

6. Plaintiff's alleged damages exceed $75,000.00.

7. This action is one in which this Honorable Court has original jurisdiction under the provisions of 28 U.S.C. §1441(a), in that it is a civil action wherein Plaintiff has alleged that the damages in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states. In accordance with Title 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after service upon the Greyhound Lines, Inc.

8. Greyhound Lines, Inc. desires to remove this action to this Court and submits this notice along with the exhibits, in accordance with 28 U.S.C. §§ 1331, 1441, and 1446.

9. Written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of this Notice of Removal and supporting papers will be filed with the Clerk of the State Court, as provided by 28 U.S.C. §1446(d).

**WHEREFORE**, Defendant, Greyhound Lines, Inc., pray that the above described action pending against it in the State Court be removed to this Court.

        MARSHALL DENNEHEY WARNER
        COLEMAN & GOGGIN

By: _____
        Thomas P. Wagner, Esquire
        Thomas J. McKenzie, Jr., Esquire
        2000 Market Street, Suite 2300
        Philadelphia, PA 19103
        215-575-2600

                                              Attorneys for Defendant,
                                              Greyhound Lines, Inc.

Dated: April 11, 2013

COMMONWEALTH OF PENNSYLVANIA      :
                                  :   SS
COUNTY OF PHILADELPHIA            :

## AFFIDAVIT

**THOMAS J. MCKENZIE, JR. ESQUIRE,** being duly sworn according to law deposes and states that the facts set forth in the foregoing Notice of Removal are true and correct to the best of his knowledge, information and belief.

_____
**THOMAS J. MCKENZIE, JR., ESQUIRE**

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 12th DAY
OF _____April_____, 2013

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Audrey M. Gaffney, Notary Public
City of Philadelphia, Philadelphia County
My commission expires July 01, 2014

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Notice of Removal was sent by First Class mail, postage prepaid, to the following counsel of record:

Bernard Smalley, Esquire
Joe H. Tucker, Jr., Esquire
TUCKER LAW GROUP, LLC
1617 JFK Boulevard
Philadelphia, PA 19103

*FILED APR 12 2013 MICHAEL E. KUNZ, Clerk By ___ Dep. Clerk*

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: _____
Thomas P. Wagner, Esquire
Thomas J. McKenzie, Jr., Esquire
Attorneys for Defendant,
Greyhound Lines, Inc.

DATE: April 11, 2013

# EXHIBIT "A"

TUCKER LAW GROUP, LLC
Bernard Smalley, Esquire (I.D. No. 35658)
Joe H. Tucker, Jr., Esquire (I.D. No. 56617)
1617 JFK Boulevard
Philadelphia, PA 19103
(215) 875-0609

ATTORNEYS FOR PLAINTIFF



| | |
|---|---|
| MAHADY SACKO, JR.<br>4605 Chester Avenue<br>Apartment 3A<br>Philadelphia, PA 19143<br>　　　　　　　　　Plaintiff,<br>vs.<br>GREYHOUND LINES, INC.<br>116 Pine Street, Suite 320<br>Harrisburg, PA 17101<br>　　　　　　　　　Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>NOVEMBER TERM, 2012<br>NO: 2684 |

## CIVIL ACTION COMPLAINT -- NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney, and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*<br><br>　　　　Philadelphia Bar Association<br>　　Lawyer Referral and Information Service<br>　　　　1101 Market Street-11th Floor<br>　　　　Philadelphia, Pennsylvania 19107<br>　　　　　　　(215) 238-6333 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo Angie Y. Lugo partir dela fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus o objectiones a las demandas en contra de su persona. Sea a visado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sim previo a viso o notification. Ademas, la corte puede cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos imporatantes para usted.<br><br>*Lleva esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en personal o llame por telefono Angie Y. Lugo la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistensia legal.*<br><br>　　Asociacion de Licenciados de Filadelphia<br>　Servicio de Referencia e Informacion Legal<br>　　　　1101 Market Street-11th Floor<br>　　　　Filadelfia, Pennsylvania 19107<br>　　　　　　　(215) 238-6333 |

Case ID: 121102684

1. Plaintiff, Mahady Sacko, Jr., is an adult individual who resides at 4605 Chester Avenue, Apartment 3A, Philadelphia, PA 19143.

2. Defendant Greyhound Lines, Inc., is a corporation and/or business entity located at 15110 North Dallas Parkway, Suite 600, Dallas, Texas 75284. At all times relevant hereto Greyhound Lines, Inc. regularly advertised and conducted business in the Commonwealth of Pennsylvania.

3. At all times relevant hereto, defendant, Greyhound Lines, Inc., was in the exclusive possession management and control of the Philadelphia Greyhound Terminal located at 1001 Filbert Street in Philadelphia PA 19107.

4. Mr. George Wadis ("Wadis"), is an adult individual who currently incarcerated at Philadelphia Detention Center, 8210 State Road, Philadelphia, PA 19136.

**FACTS**

5. Plaintiff incorporates the allegations and facts set forth in paragraphs 1 through 4 above as if set forth herein at length.

6. On or about December 1, 2010, plaintiff was business invitee lawfully on the premises of the Philadelphia Greyhound Terminal waiting to purchase a bus ticket.

7. While plaintiff was waiting in queue at the Philadelphia Greyhound Terminal, which is owned, operated, maintained and in the possession of defendant Greyhound Lines, Inc., security personnel, staff and management allowed for Mr. George Wadis to enter into their facility with a deadly weapon.

8. At or about 2:30pm on the aforementioned date, Mr. Wadis, approached

plaintiff, and began to verbally harass and assault the plaintiff in a loud manner bringing attention to himself and the plaintiff by those then present, without provocation or cause.

9. Plaintiff attempted to get away from Mr. Wadis, repeatedly pleading with him to end his verbal assault of the plaintiff, but Wadis continued to violently shout at plaintiff, again bringing attention to himself and the plaintiff by those then present, without provocation or cause.

10. Wadis then became further enraged and without provocation or cause, and with an intent to cause immediate fear and harmful contact, pulled out a large knife and violently slashed the plaintiff's face causing him to sustain significant, permanent and disfiguring personal injuries.

11. Wadis' assault and battery was unprovoked and in no manner whatsoever due to any act on the part of the plaintiff.

12. During the prolonged verbal and physical assault there was no security guard present and available to provide aid to the plaintiff, protect the customers, passengers, patrons and staff on the premises, or safely prevent or diffuse the situation.

13. Upon information and belief, Defendant Greyhound Lines, Inc. only had one security guard on duty during the time of the verbal and physical assault.

14. Upon information and belief, Defendant Greyhound Lines, Inc.'s only on-duty security guard was located outside of the building while plaintiff was left to be verbally and physically assaulted ultimately resulting in plaintiff sustaining several serious injuries including but not limited to a permanent, disfiguring facial scar.

## COUNT I- NEGLIGENCE
## Plaintiff Mahady Sacko, Jr. v. Defendant Greyhound Lines, Inc.

15. Plaintiff incorporates by reference all allegations set forth herein in paragraphs 1 through 14.

16. At all times relevant hereto Defendant Greyhound Lines, Inc. owned, operated, administered, controlled, managed and/or maintained all operations, administrative, supervisory and security staff at the Philadelphia Greyhound Terminal.

17. Defendant Greyhound Lines, Inc., created, controlled, and deployed its own security staff to purportedly protect and secure the safety of its customers, passengers, employees and passersby who remained on or near the premises of the bus terminal.

18. In doing so, Defendant Greyhound Lines, Inc., represented to the public, its customers, passengers, employees and passersby that all reasonable, consistent and effective steps had been and would be taken to protect and secure the safety of persons on or near the premises of the bus terminal.

19. Additionally, Defendant Greyhound Lines, Inc. was fully aware that their Philadelphia Greyhound Terminal premises were located in a dangerous and unsafe area, having been previously notified of no less than fifteen violent criminal incidents in the immediate surrounding area during the twelve months leading up to the harassment and assault of the plaintiff.

20. Despite all previous knowledge and notification, on December 1, 2010, the implementations, policies and procedures developed by Defendant Greyhound

Lines, Inc. as implemented at the Philadelphia Greyhound Terminal, were of themselves insufficient to protect and secure the safety of all the customers, passengers, employees and passersby who remained on or near the premises of the bus terminal, given the history of criminal and violent activity on or near the premises.

21. Furthermore, Defendant Greyhound Lines, Inc. failed to properly consistently, fully and thoroughly implement sufficient the safety precautions devised by it and as a result the safety of the customers, passengers, employees and passersby who remained on or near the premises of the bus terminal was neither reasonably or adequately protected.

22. On the date of the assault, Defendant Greyhound knew or should have known that the security of the general premises in and around the Philadelphia Greyhound Terminal was inadequate and that it placed those customers, passengers, employees and passersby, including the plaintiff, at an increased, unnecessary, unreasonably and avoidable risk of harm.

23. Plaintiff, however, had been led to believe and reasonably relied upon the words, communications, assurances and representations made by Defendant, Greyhound Lines, Inc. to the public in general and to him as a customer, that he would be protected from avoidable criminal assaults in the building in which he was a customer and business invitee of and that proper safety and security measures would deny entry to persons with known and/or apparent criminal and violent proclivities.

24. At all times in question Defendant Greyhound Lines, Inc. had undertaken a specific and direct duty to protect plaintiff along with fellow customers, passengers, employees and passersby, while he was present on the premises, based on its prior

knowledge that such crimes had occurred on or near its premises in the past and were likely to occur again without adequately planned and effectuated security and safety implementations, polices, and procedures.

25. This duty was breached on December 1, 2010, when George Wadis gained access to the Philadelphia Greyhound Terminal while wielding a deadly weapon.

26. Despite the knowledge or putative knowledge that there were no security guards or interior safety staff, Wadis was allowed entrance into the Philadelphia Greyhound Terminal with his weapon without any impediment.

27. The plaintiff had no knowledge as to the true risk of harm to which he was being exposed to while inside the Philadelphia Greyhound Terminal on and around December 1, 2010, and without such knowledge he had no way to know that in the absence of adequate security, he could only rely upon himself for protection.

27. Had he known the true state of security in the Philadelphia Greyhound Terminal on that day, he could have and would have taken steps to protect himself and to reduce the risk of harm he was negligently, carelessly and recklessly exposed to by Greyhound Lines, Inc.

28. The negligence of the defendant Greyhound Lines, Inc. consisted of:

    (a) Failing to deny entrance to individuals possessing deadly weapons;

    (b) Failing to inspect, secure and determine breaches in security;

    (c) Allowing individuals with deadly weapons onto the premises;

    (d) Failing to send security personnel through the various rooms and locations inside the Philadelphia Greyhound Terminal so as to prevent, deter and halt the criminal activities of persons who were inside the building.

Case ID: 121102684

(e)     Failing to hire, retain and employ sufficient numbers of trained security staff to prevent the commission of crimes and violence upon those customers, employees, passengers and passersby of the Philadelphia Greyhound Terminal;

(f)     Failure to hire, retain, employ or deploy roving security personnel so as to act as a deterrent to persons with criminal intentions and to prevent crimes against Greyhound Lines, Inc. customers, passengers, and staff in general and plaintiff in particular;

(g)     Failing to adequately analyze the frequency and nature of ongoing criminal activity, prior crimes and the security risks in its buildings so as to develop and implement an appropriate program of security and safety precautions;

(h)     Failing to promulgate, disseminate and enforce adequate policies, procedures and guidelines regarding control to building interiors and regarding the regarding the patrol for criminal activity;

(i)     Failing to hire and retain competent, knowledgeable, diligent and well trained staff so as to implement and effect adequate and effective program of security and safety precautions on the premises;

(j)     Failing to install, maintain, repair, monitor and employ adequate security devices at the Philadelphia Greyhound Terminal such as metal detectors or other mechanical devices so as to reduce or eliminate the intrusion of unauthorized or unsafe persons and the commission of crimes therein;

(k)     Failing in the design, development, analysis and implementation of

-7-

an adequate security and safety plan at Philadelphia Greyhound Terminal despite the history of criminal activity in and around the premises;

(l) Failing to retain, fund and effectuate services from outside contractors consulted and/or hired to provide or augment security services at the Philadelphia Greyhound Terminal;

(m) Failing to fully disclose to Philadelphia Greyhound Terminal customers, passengers, employees and the public the procedures, policies or mechanisms as implemented for the purpose of protecting them from becoming victims of crime;

(n) Failing to properly, reasonably and effectively implement the plan of security at the Philadelphia Greyhound Terminal by which Greyhound Lines, Inc. had overtly and publicly promised and undertaken to protect its customers, passengers, and employees; and

(o) Failing to implement and/or provide a policy to prohibit individuals from carrying weapons on the premises of the Philadelphia Greyhound Terminal.

29. As a result of the foregoing negligence and breach of duties by the defendant the risk of harm to plaintiff was increased and such injuries and harm in fact occurred.

30. As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

31. As a result of his injuries, plaintiff may have suffered a permanent disability and permanent impairment of his earning power and capacity.

32. As a result of his injuries, plaintiff has suffered permanent disfigurement.

--8--

Case ID: 121102684

33. As a result of his injuries, plaintiff may have suffered a permanent diminution of his ability to enjoy life and life's pleasures.

34. Plaintiff has and may in the future be compelled to expend various sums of money for medication and medical attention in attempting go remedy the aforementioned injuries.

35. As a result of the foregoing plaintiff suffered an unprovoked, brutal, violent attack from which he has yet to and may well never recover.

**WHEREFORE**, Plaintiff, Mahady Sacko, Jr., respectfully requests that this Court enter judgment in his favor and against defendant Greyhound Lines, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs and attorney's fees.

DATE: 3/28/13

Respectfully submitted,

*Bernard W. Smalley /bks*
Joe H. Tucker, Jr., Esquire
Bernard Smalley, Esquire
Attorneys for Plaintiff, Mahady Sacko, Jr.

Case ID: 121102684

## VERIFICATION

I, MAHADY SACKO, hereby state that I am the Plaintiff herein, and that I verify the foregoing facts set forth in Plaintiff's Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements made herein are made subject to the penalties of the 18 PA. C.S. Section 4904 relating to unsworn falsification to authorities.

_SACKO_
Mahady Sacko

Case ID: 121102684