# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAHADY SACKO, JR. | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| GREYHOUND LINES, INC. | : NO. 13-cv-1966 |
| Defendant/Third Party Plaintiff, | : |
| v. | : |
| U.S. SECURITY ASSOCIATES, INC. | : |
| Third Party Defendant. | : |

**MEMORANDUM**

YOHN, J.                                                                                                          May 30, 2013

On April 12, 2013, defendant Greyhound Lines, Inc. ("Greyhound") filed a notice of removal in the Eastern District of Pennsylvania, removing this case from the Court of Common Pleas of Philadelphia County. Presently before me is plaintiff Mahady Sacko, Jr.'s motion to remand. For the reasons stated below, Sacko's motion to remand will be denied.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The events underlying this lawsuit occurred on December 1, 2010, when an assailant allegedly slashed Sacko in the face with a knife while he waited in line to purchase a bus ticket at the Greyhound terminal located at 1001 Filbert Street in Philadelphia, Pennsylvania. While the facts of that day may be further explored in later proceedings, more pertinent to the motion currently before me is the procedural history of the case.

On November 27, 2012, Sacko filed a praecipe to issue a writ of summons in the Court of Common Pleas of Philadelphia County. (Pl.'s Mem. Law in Supp. Mot. to Remand to Phila. Ct. Com. Pl. [hereinafter "Pl.'s Mem."], Ex. A 4.) The writ was issued the same day and reissued on both January 9, 2013, and February 11, 2013. (*Id*., Ex. A 5-6.) Sacko served Greyhound with the writ of summons on February 19, 2013. (*Id*., Ex. A 6.) Sacko then filed his complaint with the Court of Common Pleas on March 28, 2013. (*Id*., Ex. A 9.)

Greyhound filed preliminary objections to the complaint on April 8, 2013. (*Id*.) Two days later, on April 10, 2013, it filed a joinder complaint against U.S. Security Associates, Inc. (*Id*., Ex. A 10.) On April 12, 2013, fifty-two days after being served with the writ of summons and fifteen days after Sacko filed his complaint, Greyhound filed a notice of removal in the Eastern District of Pennsylvania. (Notice of Removal, ECF No. 1.) On April 15, 2013, Greyhound filed an amended notice of removal. (Am. Notice of Removal, ECF No. 2.) Sacko filed this motion to remand on April 26, 2013. (Mot. to Remand, ECF No. 8.)

## II.     LEGAL STANDARD

The statute governing the removal of cases to federal court, 28 U.S.C. § 1446, states the following:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). "In considering a motion to remand, the removing party bears the burden of demonstrating that removal was proper." *Mirarchi v. Mangan*, No. 12-5749, 2013 WL

56112, at *2 (E.D. Pa. Jan. 3, 2013) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). Removal is proper when the federal district court would have had original jurisdiction over the matter originally brought in state court. *See In re Processed Egg Prods. Antitrust Litig.*, 836 F. Supp. 2d 290, 294 (E.D. Pa. 2011). "It is settled that the removal statutes are to be strictly construed against removal and that all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

### III. DISCUSSION

Greyhound argues that removal was proper because notice of removal was timely and because the court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332: the parties are completely diverse and the amount in controversy exceeds $75,000. Sacko does not dispute subject-matter jurisdiction, but instead argues that removal was improper due to procedural errors. In the motion to remand, Sacko advances two arguments as to why removal fails on procedural grounds. First, he argues that the case should be remanded to the Court of Common Pleas because, having filed the notice of removal fifty-two days after receipt of the writ of summons, Greyhound's notice of removal was untimely. Second, he asserts that Greyhound waived its right to remove by filing preliminary objections and a joinder complaint with the Court of Common Pleas prior to filing its notice of removal in the Eastern District of Pennsylvania. These arguments run afoul of case law within this circuit; thus, the motion to remand will be denied.

#### A. Untimely Removal

First, Sacko argues that the writ of summons served on Greyhound on February 19, 2013,

constitutes an "initial pleading." Thus, pursuant to § 1446, which states that a party must file a notice of removal within thirty days of being served with an initial pleading, Sacko argues that Greyhound's notice of removal was untimely. To support this argument, Sacko cites *Efford v. Milam*, 368 F. Supp. 2d 380 (E.D. Pa. 2005), which stated that a writ of summons could serve as an initial pleading for purposes of removal if it provided sufficient information to notify the defendant that the case was removable. *See Efford*, 368 F. Supp. 2d at 384.

Sacko's reliance on *Efford*, however, is futile. In *Sikirica v. Nationwide Insurance Co.*, 416 F.3d 214 (3d Cir. 2005), the Third Circuit stated that the Supreme Court, in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), implicitly overruled *Foster v. Mutual Fire, Marine & Inland Insurance Co.*, 986 F.2d 48 (3d Cir. 1993)—the case upon which the *Efford* decision was based. *See Sikirica*, 416 F.3d at 223. Furthermore, the court held that "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." *Sikirica*, 416 F.3d at 223. Instead, it is the receipt of the complaint that triggers the time for removal. *See Sikirica*, 416 F.3d at 222; *see also Polcano v. Conegtec Universal*, 474 F. Supp. 2d 735, 737 (E.D. Pa. 2007) ("Where, as here, the defendants are served with a summons and the complaint is filed at a later date, the thirty day period commences from the time the defendant received a copy of the complaint.") Thus, because Greyhound filed its notice of removal fifteen days after receipt of the complaint, its notice of removal was timely.[1]

---

[1] The court also notes that the writ of summons contains no information about the amount in controversy, and thus does not alert defendant to the possibility of federal jurisdiction.

B. **Waiver**

Next, Sacko argues that Greyhound effectively waived its right to remove the case to federal court by filing preliminary objections and a joinder complaint in the Court of Common Pleas. The Third Circuit has stated that in the context of litigation, a defendant's waiver of the right of removal must be "clear and unequivocal." *See Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1217 n.15 (3d Cir. 1991). Such a waiver may be found where a defendant experiments with the merits of the case in state court and then seeks to remove the case to federal court, often after receiving an adverse decision. *See Rosenthal v. Coates*, 148 U.S. 142, 147 (1893) (stating removal acts "do not contemplate that a party may experiment on his case in state court, and, upon adverse decision, then transfer it to the federal court"); *Haun v. Retail Credit Co.*, 420 F. Supp. 859, 863 (W.D. Pa. 1976) (finding waiver where a defendant used removal to get a second chance after experimenting with case, or where defendant's conduct clearly manifests intent to try case in state court).

"The majority of courts," however, "seem to have held that preliminary conduct by a defendant short of his actual litigation of the merits or his voluntary invocation of state court jurisdiction for his own purposes does not constitute a waiver of his right to remove." *Haun*, 420 F. Supp. at 863. In deciding whether remand is proper,"the stage the case is in should be and is crucial when analyzing whether there has been a waiver of the right to removal." *Mancari v. AC & S Co., Inc.*, 683 F. Supp. 91, 94 (D. Del. 1988). "Thus, pleadings that are filed early in the proceedings are rarely construed as clear waivers of the right to remove." *Selvaggi v. Prudential Prop. & Cas. Ins. Co.*, 871 F. Supp. 815, 818 (E.D. Pa. 1995).

Here, Greyhound filed its notice of removal just two days after it filed the joinder

complaint and four days after it filed the preliminary objections. The Court of Common Pleas did not issue any orders prior to Greyhound's notice of removal, and Sacko was not prejudiced by the order in which the preliminary objections, joinder complaint, and notice of removal were filed. *See Selvaggi*, 871 F. Supp. 818 ("[C]ourts generally have held that the right to remove is maintained where there has been no litigation on the merits and no prejudice to any parties."). These early state court actions do not show a "clear and unequivocal" intent to waive the right of removal. *See Saccomandi v. Delta Airlines Inc.*, No. 08-1434, 2008 WL 2805613, at *3 (E.D. Pa. July 22, 2008) (concluding plaintiff's argument that defendants waived right of removal because they filed preliminary objections in state court was meritless); *Haun*, 420 F. Supp. at 863 ("[P]reliminary conduct by a defendant short of his actual litigation on the merits or his voluntary invocation of state court jurisdiction for his own purposes does not constitute a waiver of his right to remove."). Thus, because the preliminary objections and joinder complaint do not evince a clear and unequivocal intent to proceed in state court, and because there was no prejudice to Sacko, remand is not proper.

## IV.   CONCLUSION

For the foregoing reasons, Sacko's motion to remand will be denied. An appropriate order follows.