# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAHADY SACKO, JR.<br>Plaintiff | CIVIL ACTION - LAW |
| v. | NO. 13-cv-1966 |
| GREYHOUND LINES, INC. | |
| Defendant/Third Party Plaintiff, | <u>JURY TRIAL DEMANDED</u> |
| v. | |
| U.S. SECURITY ASSOCIATES, INC. | |
| Third Party Defendant | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2013, upon consideration of the Motion of Defendant, Greyhound Lines, Inc., and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendant's Motion to Compel is **GRANTED**, and Plaintiff, Mahady Sacko, shall provide true and correct tax returns for the years 2002 through 2008 and an executed release for his Tax Returns for the years 2002 through 2008 within ten (10) days from the date of this Order or suffer sanctions upon application to the Court.

**BY THE COURT:**

_____ J.

Arbitration Deadline: November 21, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MAHADY SACKO, JR. | : CIVIL ACTION - LAW |
| Plaintiff | : |
| | : |
| v. | : NO. 13-cv-1966 |
| | : |
| GREYHOUND LINES, INC. | : |
| | : |
| | : JURY TRIAL DEMANDED |
| Defendant/Third Party Plaintiff, | : |
| | |
| v. | |
| | |
| U.S. SECURITY ASSOCIATES, INC. | |
| | |
| Third Party Defendant | |

## MOTION OF DEFENDANT, GREYHOUND LINES, INC., TO COMPEL PLAINTIFF'S TRUE AND CORRECT TAX RETURNS FOR THE YEARS 2002 THROUGH 2008 AND AN EXECUTED RELEASE FOR PLAINTIFF'S TAX RETURNS FOR THE YEARS 2002 THROUGH 2008

Moving Defendant, by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby moves to compel Plaintiff, Mahady Sacko, to provide true and correct tax returns for the years 2002-2008 and to produce an executed Release for his tax returns for the years 2002-2008, and in support states as follows:

1. Plaintiff, Mahady Sacko, initiated this Civil Action to recover for physical injuries he sustained on December 1, 2010, when he was physically assaulted inside the Greyhound bus terminal in Philadelphia, Pennsylvania.

2. Plaintiff's claim includes loss of earnings and lost earning capacity.

3. Moving Defendant served Plaintiff with Request for Productions of Documents, requesting Plaintiff's tax returns.

4. Plaintiff provided only Plaintiff's 2011 tax return.

5. On September 19, 2013, counsel for Moving Defendant provided Plaintiff's counsel a Request for Copy of Plaintiff's Tax Returns for the years 2002-2012.

6. On or about September 23, 2013, Plaintiff's counsel forwarded to counsel for Moving Defendant an executed Request for Copy of Plaintiff's Tax Returns for only the years 2009-2012. See a true and correct copy of the September 23, 2013 correspondence and executed Request attached as Exhibit "A."

7. Moving Defendant specifically requires Plaintiff's Tax Returns from those years to assess the lost wages and diminished earning capacity claims alleged in Plaintiff's Complaint. See ¶ 31 of Plaintiff's Complaint, which is attached hereto as Exhibit "B."

8. As of the date of this Motion, Plaintiff has failed to produce his tax returns or provide the executed Request for Copy of Plaintiff's Tax Returns for the years 2002-2008.

9. Pursuant to Federal Rules of Civil Procedure 34, parties must produce discoverable documents in their custody and control.

10. Accordingly, Moving Defendant is entitled to Plaintiff's true and correct tax returns for the years 2002- 2008 and the executed Request for Copy of Plaintiff's Tax Returns for the years 2002-2008.

11. Plaintiff's failure to provide true and correct tax returns for the years 2002 -2008 and the executed Request for Copy of Tax Returns for the years 2002-2008 severely prejudices Moving Defendant's preparation of its defense in this case.

**WHEREFORE**, Moving Defendant, Greyhound Lines, Inc., hereby moves this Honorable Court to issue the attached Order compelling Plaintiff, Mahady Sacko, to provide true and correct tax returns for the years 2002-2008 and to provide the executed Request for Copy of his Tax Returns for the years 2002-2008.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
Thomas P. Wagner, Esquire
Thomas J. McKenzie, Jr., Esquire
Attorneys for Defendant,
Greyhound Lines, Inc.

Dated: 10/9/13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MAHADY SACKO, JR. | : | CIVIL ACTION - LAW |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 13-cv-1966 |
| | : | |
| GREYHOUND LINES, INC. | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant/Third Party Plaintiff, | : | |
| | | |
| v. | | |
| | | |
| U.S. SECURITY ASSOCIATES, INC. | | |
| | | |
| Third Party Defendant. | | |

## CERTIFICATE PURSUANT TO LOCAL RULE 26.1(f)

I, Thomas J. McKenzie, Jr., Esquire, attorney for Defendant, Greyhound Lines, Inc., hereby certify that after reasonable effort, the parties herein are unable to resolve the discovery dispute presented in Defendant's Motion to Compel Plaintiff's executed Request for Copy of Tax Returns for the years 2002-2008.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____
Thomas P. Wagner, Esquire
Thomas J. McKenzie, Jr., Esquire
Attorneys for Defendant,
Greyhound Lines, Inc.

Dated: 10/9/13

# CERTIFICATE OF SERVICE

I hereby certify that on today's date, I served a true and correct copy of the foregoing Motion to Compel Plaintiff's True and Correct Tax Returns for the years 2002 through 2008 and the Executed Release for Tax Returns for the years 2002 through 2008 upon the following parties by electronic filing:

Bernard W. Smalley, Jr., Esquire
TUCKER LAW GROUP LLC
One Penn Center at Suburban Station
1617 John F. Kennedy Blvd., Suite 1700
Philadelphia, PA 19103


Jay L. Edelstein, Esquire
Edelstein Law, LLP
230 S. Broad Street, Suite 900
Philadelphia, PA 19102

 

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _/s/ Thomas P. McKenzie_
    Thomas P. Wagner, Esquire
    Thomas J. McKenzie, Jr., Esquire
    Attorneys for Defendant,
    Greyhound Lines, Inc.

Dated: 10/9/13

# EXHIBIT "A"



TUCKER
LAW
GROUP

September 23, 2013

Thomas J. McKenzie, Esquire
Marshall, Dennehey, Warner, Coleman & Googin, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA 19103

    RE:   **Mahady Sacko v. Greyhound Lines, Inc., etal**
            **USDC- Eastern District, No.: 13-cv-1966**

Dear Mr. McKenzie:

    Per your request, attached please find the Request for Copy of Tax Return, which has been fully executed by our client Mahady Sacko.

    Thank you for your attention in this regard.

                              Very truly yours,

                              Jasmin K. Johnson
                              Paralegal to Bernard W. Smalley
                              Yvonne Barnes Montgomery
                              and Joan E. Clarke

JKJ/
Enclosure

*"Making Results Happen"*
One Penn Center at Suburban Station • 1617 JFK Boulevard, Suite 1700 • Philadelphia, PA 19103
Tel 215.875.0609 • Fax 215.559.6209
www.tlgattorneys.com

# Form 4506

**Form 4506**
(Rev. January 2011)
Department of the Treasury
Internal Revenue Service

## Request for Copy of Tax Return

OMB No. 1545-0429

▶ Request may be rejected if the form is incomplete or illegible.

Tip. You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a Tax Return Transcript for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See Form 4506-T, Request for Transcript of Tax Return, or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Transcript" or call 1-800-908-9946.

| 1a Name shown on tax return. If a joint return, enter the name shown first.<br><br>Mahady Sacko, Jr. | 1b First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions)<br><br>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 |
|---|---|
| 2a If a joint return, enter spouse's name shown on tax return. | 2b Second social security number or individual taxpayer identification number if joint tax return |

3 Current name, address (including apt., room, or suite no.), city, state, and ZIP code (See instructions).

4 Previous address shown on the last return filed if different from line 3 (See instructions)

5 If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number. The IRS has no control over what the third party does with the tax return.

Center City Legal Reproductions Inc.
1315 Walnut Street Suite 601
Philadelphia, PA 19107

Caution. If the tax return is being mailed to a third party, ensure that you have filled in line 6 and line 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy.

6 Tax return requested. Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

Note. If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . . . ☐

7 Year or period requested. Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

2009 - 2012
~~2002-2012~~

8 Fee. There is a $57 fee for each return requested. Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN or EIN and "Form 4506 request" on your check or money order.

| a | Cost for each return . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | $57.00 |
|---|---|---|---|
| b | Number of returns requested on line 7 . . . . . . . . . . . . . . . . . . . | | |
| c | Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . . . . . . . . | $ | |

9 If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ✓

Signature of taxpayer(s). I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, either husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. Note. *For tax returns being sent to a third party, this form must be received within 120 days of signature date.*

**Sign Here**

▶ Signature (see instructions)  Date

Telephone number of taxpayer on line 1a or 2a

▶ Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ Spouse's signature  Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.  Cat. No. 41721E  Form **4506** (Rev. 1-2011)

# EXHIBIT "B"

TUCKER LAW GROUP, LLC
Bernard Smalley, Esquire (I.D. No. 35658)
Joe H. Tucker, Jr., Esquire (I.D. No. 56617)
1617 JFK Boulevard
Philadelphia, PA 19103
(215) 875-0609

ATTORNEYS FOR PLAINTIFF

Filed and Attested by
PROTHONOTARY
28 MAR 2013 04:52 pm
E. MASCUILLI

| | |
|---|---|
| MAHADY SACKO, JR.<br>4605 Chester Avenue<br>Apartment 3A<br>Philadelphia, PA 19143<br>    Plaintiff,<br>vs.<br><br>GREYHOUND LINES, INC.<br>116 Pine Street, Suite 320<br>Harrisburg, PA 17101<br>    Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>NOVEMBER TERM, 2012<br>NO: 2684 |

## CIVIL ACTION COMPLAINT – NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney, and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*<br><br>Philadelphia Bar Association<br>Lawyer Referral and Information Service<br>1101 Market Street-11th Floor<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo Angie Y. Lugo partir dela fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus o objectiones a las demandas en contra de su persona. Sea a visado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sim previo a viso o notification. Ademas, la corte puede cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos imporatantes para usted.<br><br>*Lleva esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en personal o llame por telefono Angie Y. Lugo la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistensia legal.*<br><br>Asociacion de Licenciados de Filadelphia<br>Servicio de Referencia e Informacion Legal<br>1101 Market Street-11th Floor<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333 |

Case ID: 121102684

1. Plaintiff, Mahady Sacko, Jr., is an adult individual who resides at 4605 Chester Avenue, Apartment 3A, Philadelphia, PA 19143.

2. Defendant Greyhound Lines, Inc., is a corporation and/or business entity located at 15110 North Dallas Parkway, Suite 600, Dallas, Texas 75284. At all times relevant hereto Greyhound Lines, Inc. regularly advertised and conducted business in the Commonwealth of Pennsylvania.

3. At all times relevant hereto, defendant, Greyhound Lines, Inc., was in the exclusive possession management and control of the Philadelphia Greyhound Terminal located at 1001 Filbert Street in Philadelphia PA 19107.

4. Mr. George Wadis ("Wadis"), is an adult individual who currently incarcerated at Philadelphia Detention Center, 8210 State Road, Philadelphia, PA 19136.

**FACTS**

5. Plaintiff incorporates the allegations and facts set forth in paragraphs 1 through 4 above as if set forth herein at length.

6. On or about December 1, 2010, plaintiff was business invitee lawfully on the premises of the Philadelphia Greyhound Terminal waiting to purchase a bus ticket.

7. While plaintiff was waiting in queue at the Philadelphia Greyhound Terminal, which is owned, operated, maintained and in the possession of defendant Greyhound Lines, Inc., security personnel, staff and management allowed for Mr. George Wadis to enter into their facility with a deadly weapon.

8. At or about 2:30pm on the aforementioned date, Mr. Wadis, approached

2

plaintiff, and began to verbally harass and assault the plaintiff in a loud manner bringing attention to himself and the plaintiff by those then present, without provocation or cause.

9. Plaintiff attempted to get away from Mr. Wadis, repeatedly pleading with him to end his verbal assault of the plaintiff, but Wadis continued to violently shout at plaintiff, again bringing attention to himself and the plaintiff by those then present, without provocation or cause.

10. Wadis then became further enraged and without provocation or cause, and with an intent to cause immediate fear and harmful contact, pulled out a large knife and violently slashed the plaintiff's face causing him to sustain significant, permanent and disfiguring personal injuries.

11. Wadis' assault and battery was unprovoked and in no manner whatsoever due to any act on the part of the plaintiff.

12. During the prolonged verbal and physical assault there was no security guard present and available to provide aid to the plaintiff, protect the customers, passengers, patrons and staff on the premises, or safely prevent or diffuse the situation.

13. Upon information and belief, Defendant Greyhound Lines, Inc. only had one security guard on duty during the time of the verbal and physical assault.

14. Upon information and belief, Defendant Greyhound Lines, Inc.'s only on-duty security guard was located outside of the building while plaintiff was left to be verbally and physically assaulted ultimately resulting in plaintiff sustaining several serious injuries including but not limited to a permanent, disfiguring facial scar.

Case ID: 121102684

## COUNT I- NEGLIGENCE
### Plaintiff Mahady Sacko, Jr. v. Defendant Greyhound Lines, Inc.

15. Plaintiff incorporates by reference all allegations set forth herein in paragraphs 1 through 14.

16. At all times relevant hereto Defendant Greyhound Lines, Inc. owned, operated, administered, controlled, managed and/or maintained all operations, administrative, supervisory and security staff at the Philadelphia Greyhound Terminal.

17. Defendant Greyhound Lines, Inc., created, controlled, and deployed its own security staff to purportedly protect and secure the safety of its customers, passengers, employees and passersby who remained on or near the premises of the bus terminal.

18. In doing so, Defendant Greyhound Lines, Inc., represented to the public, its customers, passengers, employees and passersby that all reasonable, consistent and effective steps had been and would be taken to protect and secure the safety of persons on or near the premises of the bus terminal.

19. Additionally, Defendant Greyhound Lines, Inc. was fully aware that their Philadelphia Greyhound Terminal premises were located in a dangerous and unsafe area, having been previously notified of no less than fifteen violent criminal incidents in the immediate surrounding area during the twelve months leading up to the harassment and assault of the plaintiff.

20. Despite all previous knowledge and notification, on December 1, 2010, the implementations, policies and procedures developed by Defendant Greyhound

Case ID: 121102684

Lines, Inc. as implemented at the Philadelphia Greyhound Terminal, were of themselves insufficient to protect and secure the safety of all the customers, passengers, employees and passersby who remained on or near the premises of the bus terminal, given the history of criminal and violent activity on or near the premises.

21. Furthermore, Defendant Greyhound Lines, Inc. failed to properly consistently, fully and thoroughly implement sufficient the safety precautions devised by it and as a result the safety of the customers, passengers, employees and passersby who remained on or near the premises of the bus terminal was neither reasonably or adequately protected.

22. On the date of the assault, Defendant Greyhound knew or should have known that the security of the general premises in and around the Philadelphia Greyhound Terminal was inadequate and that it placed those customers, passengers, employees and passersby, including the plaintiff, at an increased, unnecessary, unreasonably and avoidable risk of harm.

23. Plaintiff, however, had been led to believe and reasonably relied upon the words, communications, assurances and representations made by Defendant, Greyhound Lines, Inc. to the public in general and to him as a customer, that he would be protected from avoidable criminal assaults in the building in which he was a customer and business invitee of and that proper safety and security measures would deny entry to persons with known and/or apparent criminal and violent proclivities.

24. At all times in question Defendant Greyhound Lines, Inc. had undertaken a specific and direct duty to protect plaintiff along with fellow customers, passengers, employees and passersby, while he was present on the premises, based on its prior

-5-

knowledge that such crimes had occurred on or near its premises in the past and were likely to occur again without adequately planned and effectuated security and safety implementations, polices, and procedures.

25. This duty was breached on December 1, 2010, when George Wadis gained access to the Philadelphia Greyhound Terminal while wielding a deadly weapon.

26. Despite the knowledge or putative knowledge that there were no security guards or interior safety staff, Wadis was allowed entrance into the Philadelphia Greyhound Terminal with his weapon without any impediment.

27. The plaintiff had no knowledge as to the true risk of harm to which he was being exposed to while inside the Philadelphia Greyhound Terminal on and around December 1, 2010, and without such knowledge he had no way to know that in the absence of adequate security, he could only rely upon himself for protection.

27. Had he known the true state of security in the Philadelphia Greyhound Terminal on that day, he could have and would have taken steps to protect himself and to reduce the risk of harm he was negligently, carelessly and recklessly exposed to by Greyhound Lines, Inc.

28. The negligence of the defendant Greyhound Lines, Inc. consisted of:

    (a) Failing to deny entrance to individuals possessing deadly weapons;

    (b) Failing to inspect, secure and determine breaches in security;

    (c) Allowing individuals with deadly weapons onto the premises;

    (d) Failing to send security personnel through the various rooms and locations inside the Philadelphia Greyhound Terminal so as to prevent, deter and halt the criminal activities of persons who were inside the building.

(e) Failing to hire, retain and employ sufficient numbers of trained security staff to prevent the commission of crimes and violence upon those customers, employees, passengers and passersby of the Philadelphia Greyhound Terminal;

(f) Failure to hire, retain, employ or deploy roving security personnel so as to act as a deterrent to persons with criminal intentions and to prevent crimes against Greyhound Lines, Inc. customers, passengers, and staff in general and plaintiff in particular;

(g) Failing to adequately analyze the frequency and nature of ongoing criminal activity, prior crimes and the security risks in its buildings so as to develop and implement an appropriate program of security and safety precautions;

(h) Failing to promulgate, disseminate and enforce adequate policies, procedures and guidelines regarding control to building interiors and regarding the regarding the patrol for criminal activity;

(i) Failing to hire and retain competent, knowledgeable, diligent and well trained staff so as to implement and effect adequate and effective program of security and safety precautions on the premises;

(j) Failing to install, maintain, repair, monitor and employ adequate security devices at the Philadelphia Greyhound Terminal such as metal detectors or other mechanical devices so as to reduce or eliminate the intrusion of unauthorized or unsafe persons and the commission of crimes therein;

(k) Failing in the design, development, analysis and implementation of

Case ID: 121102684

an adequate security and safety plan at Philadelphia Greyhound Terminal despite the history of criminal activity in and around the premises;

(l) Failing to retain, fund and effectuate services from outside contractors consulted and/or hired to provide or augment security services at the Philadelphia Greyhound Terminal;

(m) Failing to fully disclose to Philadelphia Greyhound Terminal customers, passengers, employees and the public the procedures, policies or mechanisms as implemented for the purpose of protecting them from becoming victims of crime;

(n) Failing to properly, reasonably and effectively implement the plan of security at the Philadelphia Greyhound Terminal by which Greyhound Lines, Inc. had overtly and publicly promised and undertaken to protect its customers, passengers, and employees; and

(o) Failing to implement and/or provide a policy to prohibit individuals from carrying weapons on the premises of the Philadelphia Greyhound Terminal.

29. As a result of the foregoing negligence and breach of duties by the defendant the risk of harm to plaintiff was increased and such injuries and harm in fact occurred.

30. As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

31. As a result of his injuries, plaintiff may have suffered a permanent disability and permanent impairment of his earning power and capacity.

32. As a result of his injuries, plaintiff has suffered permanent disfigurement.

Case ID: 121102684

33. As a result of his injuries, plaintiff may have suffered a permanent diminution of his ability to enjoy life and life's pleasures.

34. Plaintiff has and may in the future be compelled to expend various sums of money for medication and medical attention in attempting go remedy the aforementioned injuries.

35. As a result of the foregoing plaintiff suffered an unprovoked, brutal, violent attack from which he has yet to and may well never recover.

**WHEREFORE**, Plaintiff, Mahady Sacko, Jr., respectfully requests that this Court enter judgment in his favor and against defendant Greyhound Lines, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs and attorney's fees.

Respectfully submitted,

DATE: 3/28/13

*Bernard W. Smalley /bks*
Joe H. Tucker, Jr., Esquire
Bernard Smalley, Esquire
Attorneys for Plaintiff, Mahady Sacko, Jr.

Case ID: 121102684

## VERIFICATION

I, MAHADY SACKO, hereby state that I am the Plaintiff herein, and that I verify the foregoing facts set forth in Plaintiff's Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements made herein are made subject to the penalties of the 18 PA. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
Mahady Sacko

Case ID: 121102684