IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAHADY SACKO,<br>Plaintiff,<br><br>v.<br><br>GREYHOUND LINES, INC.,<br>Defendant. | Civil Action No. 13-CV-01966<br><br>Jury Trial Demanded |

## ORDER

AND NOW, this _____ day of _____, 2013, upon consideration of Defendant, Greyhound Lines, Inc.'s Motion to Compel, and Plaintiff Mahady Sacko's response thereto, it is hereby ORDERED and DECREED as follows:

(1) Defendant's Motion is **DENIED**.

OR

(2) Defendant's Motion is **DENIED** in part and **GRANTED** in part. The Court hereby denies Defendant's request for Plaintiff's federal and state tax returns for ten (10) years or from 2002 to 2012. Plaintiff is directed to produce an executed authorization to allow Defendant to obtain his federal and state tax returns for five (5) years or from 2007 to 2012.

BY THE COURT:

_____
HONORABLE WILLIAM H. YOHN, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MAHADY SACKO,<br>Plaintiff,<br><br>v.<br><br>GREYHOUND LINES, INC.,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 13-CV-1966<br><br>Jury Trial Demanded |
|---|---|---|

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

The plaintiff, Mahady Sacko ("Mr. Sacko"), by and through the undersigned counsel, hereby files this response in Opposition to the Motion to Compel of Defendant, Greyhound Lines, Inc. The bases for this opposition are set forth in the accompanying Memorandum of Law.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: October 23, 2013

By: /s/ JEC5032
Yvonne Barnes Montgomery, Esquire
Bernard W. Smalley, Esquire
Joan E. Clarke, Esquire
1617 JFK Boulevard, Suite 1700
Philadelphia, PA 19103
(215) 875-0609

Attorneys for Plaintiff
Mahady Sacko

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAHADY SACKO,<br>Plaintiff,<br><br>v.<br><br>GREYHOUND LINES, INC.,<br>Defendant. | Civil Action No. 13-CV-09166<br><br>Jury Trial Demanded |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO DEFENDANT GREYHOUND LINES, INC.'S MOTION TO COMPEL DISCOVERY

The plaintiff, Mahady Sacko ("Mr. Sacko"), by and through the undersigned counsel, hereby submits this Memorandum of Law in support of his Opposition to the Motion to Compel filed by Defendant, Greyhound Lines, Inc. ("Defendant").

I.  **FACTUAL BACKGROUND**

This case concerns the brutal assault on Mr. Sacko that occurred in the Greyhound bus terminal in Philadelphia, Pennsylvania. Specifically, on December 1, 2010, Mr. Sacko, a long-standing Greyhound customer, was waiting in line to purchase a bus ticket to New York, when he was violently slashed in the face by an assailant and was caused to sustain a left facial laceration measuring 12 cm in length and a complex laceration of the left parietal scalp measuring 2 cm in length. During the attack, Mr. Sacko fell in his own blood that had accumulated on the floor, and injured his knee. No security guard was present in the bus terminal at the time of the assault, nor was any security guard present at the time of the verbal assault on Mr. Sacko by the assailant, leading up to the slashing of his head, face and neck.

As a result of the assault, Mr. Sacko testified that he missed approximately 6 weeks of work at Au Bon Pain, wherein he earned approximately $9.00 an hour as a

1

Food Preparer. Mr. Sacko also testified that he was unable to continue working at Valet Parking at the Marriott Hotel, wherein he earned approximately $5.60 an hour plus tips as a Valet Driver, because of the injuries that he sustained to his knee.

During the course of discovery, Defendant requested Mr. Sacko's federal and state tax returns for ten (10) years or from 2002 to 2012. Mr. Sacko objected and produced an executed authorization for Defendant to obtain his tax returns for three (3) years or from 2009 to 2012.

Without any attempt to resolve the outstanding dispute concerning Mr. Sacko's tax returns, Defendant filed the instant motion.

This matter is scheduled for Arbitration on November 21, 2013.

## II. ARGUMENT

While there is no dispute that Mr. Sacko's tax returns are relevant, Defendant's request for ten (10) years of tax returns is clearly excessive, unwarranted, and unduly burdensome in the instant Arbitration case. It is well-established that federal tax returns are treated as confidential communication between the taxpayer and the government. De Masi v. Weiss, 669 F.2d 114, 119 (3d Cir. 1982) citing I.R.C. § 6103. Indeed, "[p]ublic policy favors the nondisclosure of income tax returns." Id. To determine whether tax returns are discoverable, the Court considers whether (1) the tax returns are relevant to the subject matter of the action; and (2) there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. In re Sunrise Secs. Litig., MDL No. 655, 130 F.R.D. 560, 578 (E.D. Pa. May 31, 1989). Defendant bears the burden of establishing its relevance, while Plaintiff bears the burden of establishing other sources for the information.

2

In the instant case, Defendant has failed to establish how ten (10) years of tax returns are necessary to evaluate Plaintiff's minimal wage loss claim. Plaintiff has provided Defendant with an executed authorization to obtain three (3) years of tax returns, which is more than adequate to evaluate Plaintiff's minimal wage loss claim. At a minimum, Plaintiff would consent to providing five (5) years of tax returns, but (10) ten years of returns would not provide Defendant with any more information to evaluate Plaintiff's wage loss. Further, at no time, did Defendant contact Plaintiff to obtain more than the proffered three (3) years of tax returns. Instead, Defendant filed the instant motion, which amounts to an unnecessary waste of time and resources.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks this Court to enter an order denying Defendant's Motion to Compel, or in the alternative, directing Plaintiff to produce an executed authorization to produce his tax returns for five (5) years or from 2007 to 2012.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: October 23, 2013

By: /s/ JEC5032
Yvonne Barnes Montgomery, Esquire
Bernard W. Smalley, Esquire
Joan E. Clarke, Esquire
1617 JFK Boulevard, Suite 1700
Philadelphia, PA 19103
(215) 875-0609

Attorneys for Plaintiff
Mahady Sacko

3

## CERTIFICATE OF SERVICE

I, Joan E. Clarke, Esquire, hereby certify that I caused to be served a true and correct copy of Plaintiff's Response in Opposition to Defendant's Motion to Compel by ECF notification to the following:

Thomas J. McKenzie, Esquire
Marshall, Dennehey, Warner, Coleman & Googin, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Attorney for Defendant, Greyhound Lines, Inc.

Jay L. Edelstein, Esquire
Edelstein Law, LLP
230 S. Broad Street, Suite 900
Philadelphia, PA 19102
Attorney for Third Party Defendant, U.S. Security Associates, Inc.

Dated: October 23, 2013			By: /s/ JEC5032
						Joan E. Clarke, Esquire

4